# In the United States Court of Federal Claims

Filed: January 29, 2018

| | |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9002L |
| THIS DOCUMENT APPLIES TO:<br><br>ALL DOWNSTREAM CASES | |

**CASE MANAGEMENT ORDER NO. 5**

On January 26, 2018, the parties filed a Joint Motion For Entry Of Case Management Order No. 5, together with a proposed Order. ECF No. 25. To promote the efficient administration of justice, the January 26, 2018 Joint Motion is granted in part.[1] Accordingly, it is hereby ORDERED:

1. This Order applies to all cases presently and subsequently filed in this court that, pursuant to Management Orders 1, 2, 3, and 4,[2] are identified as downstream cases in *In re Downstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9002L (the "Downstream Sub-Master Docket"). This Order is intended to supplement, and not to replace, the court's prior Orders.

---

[1] The court made the following changes to the January 26, 2018 proposed Order: (1) Paragraph 5: a plaintiff may amend his or her Initial Fact Sheet, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 26(e); (2) Paragraph 8: the parties are directed to file a Joint Proposed Short Form Complaint; (3) Paragraph 9: the court will approve the Short Form Complaint procedure agreed to by the parties; and (4) Paragraph 11: the Government must comply with the deadlines set forth in Case Management Order No. 3 (ECF No. 2).

[2] *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, ECF No. 1 (October 31, 2017 Management Order 1); ECF No. 103 (December 5, 2017 Management Order 2 (Order Establishing Sub-Master Docket for Upstream Claims)); ECF No. 104 (December 5, 2017 Management Order 3 (Order Establishing Sub-Master Docket for Downstream Claims)); ECF No. 120 (December 21, 2017 Management Order 4).

2. Downstream Co-Lead Counsel[3] advised the court that they would file a consolidated and amended complaint in the Downstream Sub-Master Docket by January 16, 2018. One downstream Master Complaint was filed.

3. On or before January 30, 2018, all plaintiffs named in the Master Complaint will serve on the Government, through Downstream Co-Lead Counsel, a completed Initial Fact Sheet (the "Initial Fact Sheet").

4. On January 30, 2018, all plaintiffs not named in the Master Complaint will serve on the Government, through Downstream Co-Lead Counsel, a completed Initial Fact Sheet in the form of the exemplar Initial Fact Sheet attached as Attachment A.

5. Each plaintiff, whether named in the Master Complaint or not named in the Master Complaint, will provide a signed version of their Initial Fact Sheet, consistent with the requirements of RCFC 33(b)(5), within 30 days of submission of the Initial Fact Sheet. For any plaintiff, their signed Initial Fact Sheet: (1) will be treated as answers to interrogatories; (2) can be used to the extent allowed by the Federal Rules of Evidence, pursuant to RCFC 33(c); and (3) may be amended, pursuant to RCFC 26(e).

6. Plaintiffs whose cases are filed after January 30, 2018 will serve on the Government, through Downstream Co-Lead Counsel, a completed Initial Fact Sheet no later than 30 days after the date the case was filed.

7. All complaints other than the Master Complaint, whether pre-existing or hereafter filed, are administratively stayed except for service of the Initial Fact Sheet, referenced above, pending further order of the court. Plaintiffs in all stayed actions are hereby relieved of the responsibility to: (i) provide initial disclosures pursuant to RCFC 26(a)(1); (ii) respond to the Government's motions for more definite statement; and (iii) respond to the Government's motions to dismiss pursuant to RCFC 12. The claims of any plaintiffs later added to the Master Complaint by amendment are not stayed and such plaintiffs must meet any discovery and other obligations under the RCFC, including providing initial disclosures and responding to subsequent discovery requests.

8. Downstream Co-Lead Counsel and counsel for the Government will meet and confer for the purpose of drafting a mutually-agreeable Short Form Complaint adopting the Master Complaint. On or before Friday, February 2, 2018, Downstream Co-Lead Counsel and counsel for the Government are directed to provide the court with an agreed proposed Short Form Complaint.

---

[3] When used herein, the term Downstream Co-Lead Counsel means counsel appointed as "Co-Lead Counsel" and "Of Counsel" for downstream plaintiffs in the court's November 20, 2017 Orders. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, ECF Nos. 67, 69 (Fed. Cl. Nov. 20, 2017). When used herein, the term Upstream Co-Lead Counsel means counsel appointed as "Co-Lead Counsel" and "Of Counsel" for upstream plaintiffs in the court's November 20, 2017 Orders. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs*, Master Docket No. 17-3000L, ECF Nos. 68, 70 (Fed. Cl. Nov. 20, 2017).

9. Once the court approves the Short Form Complaint procedure agreed to by the parties, presently and subsequently-filed cases may adopt the Master Complaint by filing a Short Form Complaint in the Downstream Sub-Master Docket. Nothing herein will prevent an attorney from filing a single Short-Form Complaint on behalf of multiple plaintiffs.

10. The Government need not answer any complaint or newly-filed complaint other than the Master Complaint, or specifically respond to any claim not asserted in the Master Complaint.

11. The Government's filings under RCFC 12, including any motions to dismiss or answer, will apply equally to any complaint adopting the allegations of a Master Complaint. Pursuant to Case Management Order No. 3, the Government will file any Motion To Dismiss, pursuant to RCFC 12(b) on or by February 15, 2018 (ECF No. 2, Ct. Att. A at 3), and an Answer, pursuant to RCFC 7(a)(2) on or by February 28, 2018 (ECF No. 2, Ct. Att. B at 3).

12. Downstream Co-Lead Counsel will facilitate, coordinate, and effect all communications with the Government on behalf of all plaintiffs in this consolidated action, all *pro se* plaintiffs in this consolidated action, and all attorneys who have not been designated as Downstream Co-Lead Counsel in this consolidated action. Attorneys who have not been designated Downstream Co-Lead Counsel are directed to communicate with Downstream Co-Lead Counsel, and not the Government or the court, concerning discovery, case management, scheduling, and all other case-related matters. In the event that an attorney who has not been designated Downstream Co-Lead Counsel seeks to submit a motion or any other filing to the court, such attorney must first request and obtain leave from the court.

13. All discovery on behalf of plaintiffs in this consolidated action must be served by Downstream Co-Lead Counsel. Downstream Co-Lead Counsel will provide, facilitate, or coordinate the use of translators, if necessary. All discovery on behalf of the Government in this consolidated action need be served only to Downstream Co-Lead Counsel.

14. Service upon Downstream Co-Lead Counsel is accomplished by serving each of the following via electronic mail, file sharing link, United States Mail and/or another method agreed by the parties:

    Derek Potts at dpotts@potts-law.com
    Rand Nolen at Rand_Nolen@fleming-law.com
    Richard Mithoff at RMithoff@mithofflaw.com
    Jack McGehee at jmcgehee@lawtx.com
    David Frederick at dfrederick@kellogghansen.com
    William Consovoy at will@consovoymccarthy.com

15. All requests for discovery, including but not limited to interrogatories and requests for production, should, to the extent possible, be jointly submitted from Downstream Co-Lead Counsel and Upstream Co-Lead Counsel to avoid duplicative requests of documents, streamline the response process, and ensure Downstream Co-Lead Counsel and Upstream

3

Co-Lead Counsel receive the same information. Downstream Co-Lead Counsel will coordinate and serve upon the Government, on behalf of all plaintiffs, responses to any discovery requests served by the Government.

16. Downstream Co-Lead Counsel will cross-notice all depositions in both the Downstream Sub-Master Docket and *In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Sub-Master Docket No. 17-9001L, and coordinate the conduct of depositions among Downstream Co-Lead Counsel and Upstream Co-Lead Counsel to avoid duplicate examination.

17. In any case filed and consolidated into the Downstream Sub-Master Docket after entry of this Order, Downstream Co-Lead Counsel will provide the attorney representing the plaintiff(s) or, if the plaintiff(s) is proceeding *pro se*, the plaintiff(s), a copy of: (a) this Order, (b) the operative Master Complaint, (c) the template for a Short-Form Complaint, and (d) an Initial Fact Sheet. A completed Initial Fact Sheet on behalf of each plaintiff will be served on the Government within 30 days of consolidation.

**IT IS SO ORDERED.**

                                             s/ Susan G. Braden
                                             **Susan G. Braden**
                                             **Chief Judge**

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| In re DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | ) ) ) ) ) ) ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: ALL DOWNSTREAM CASES | Sub-Master Docket No. 1:17-9002L |

## INITIAL FACT SHEET

**COMPLETE EACH OF THE FOLLOWING.  IF YOU DO NOT KNOW THE ANSWER TO A QUESTION, PLEASE AFFIRMATIVELY INDICATE YOU DO NOT KNOW THE ANSWER.**

1. Name of Plaintiff(s): _____

2. Address of Plaintiff(s)' real property that allegedly flooded as a result of the U.S. Army Corps of Engineers' operations of the Addicks and Barker Dams and Reservoirs (hereinafter the "Property"):

   _____

3. Location of any other property allegedly taken as a result of the U.S. Army Corps of Engineers' operations of the Addicks and Barker Dams and Reservoirs: _____

   _____

   _____

4. County Property Parcel Identification number[1]: _____

5. If known, describe the date, timing, and extent/amount of Property flooding during Tropical Storm Harvey (i.e. how deep was the water over time, and how much, and what parts, of

---

[1] County Property Parcel Identification Numbers are available at the FBCAD website and the HCAD website.

your property did it cover): _____

_____

_____

6.   If known, describe the date and extent of previous Property flooding (if any): _____

_____

7.   As of August 24, 2017, was the Property located in: the 100-year floodplain _____; the 500-year floodplain _____; no known floodplain _____.

8.   When was the Property purchased or leased by you, or do you have some other type of property interest _____

9.   What is the elevation of the Property according to this website[2]? _____

10.  Do you have additional information regarding the elevation of the Property (*e.g.*, measurements taken for insurance purposes or a floodplain certificate)?  If so, please provide the source and date of the information used to determine the elevation. _____

11.  Nature of Property interest (check all that apply): residential _____; commercial _____; industrial _____; owner _____; renter _____.

12.  Condition of Property at time of acquisition (i.e. vacant, improved, partially improved):_____

_____

13.  Is the Property currently listed on MLS for sale? _____

14.  Has the Property been sold since Tropical Storm Harvey? _____

15.  Was there flood insurance for the Property during Tropical Storm Harvey? Yes __ No __

Plaintiff(s) Name: _____

---

[2] Elevation information is available at https://www.mapdevelopers.com/elevation_calculator.php

3

Plaintiff(s) Signature: _____

Date: _____

3

3

Plaintiff(s) Signature: _____

Date: _____