# In the United States Court of Federal Claims

Filed: February 7, 2018

| | |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS | Sub-Master Docket No. 17-9002L |
| THIS DOCUMENT APPLIES TO: *American Home Assurance Co., et al. v. United States*, No. 18-144 | |

**ORDER DENYING MOTION TO LIFT ADMINISTRATIVE STAY AND FOR LEAVE TO FILE MOTION FOR TODD B. DENENBERG TO BE APPOINTED DOWNSTREAM LEAD COUNSEL FOR SUBROGATED INSURERS**

On October 11, 2017, the court issued an Order to inform

all counsel of record that wish to be considered as class counsel(s) and/or lead class counsel(s) should file a Statement of Interest, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 23(g)(1), that states: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; and (3) counsel's knowledge of the applicable law; (4) the resources that counsel will commit to representing the class; and (5) any other information relevant to this assignment.

*See, e.g., Y And J Properties, LTD v. United States*, No. 17-1189L, Dkt. No. 12 at 6.

On November 1, 2017, the court convened a hearing in Houston, Texas to discuss the appointment of co-lead counsel. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States*, Master Docket No. 17-3000L, Dkt. No. 7.

On November 20, 2017, the court issued two Orders. The first appointed Co-Lead Counsel for Downstream Plaintiffs for the purpose of pre-trial jurisdictional discovery, the Government's motion to dismiss pursuant to RCFC 12(b)(1)–(7), and scheduling. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States*, Master Docket No. 17-3000L, Dkt. No. 67. The second appointed Co-Lead Counsel for Downstream Plaintiffs for the purpose of pre-trial discovery, dispositive motions for partial or summary judgment and/or cross-motions pursuant to RCFC 56 and/or a trial on liability, and scheduling. *See In re Addicks and Barker (Texas) Flood-Control Reservoirs v. United States*, Master Docket No. 17-3000L, Dkt. No. 69. Both November

20, 2017 Orders provided the professional background of each Downstream Co-Lead Counsel, including each counsel's education, experience, and court admissions. *Id.* The November 20, 2017 Orders also determined that "[a]ll of the above-referenced appointed counsel satisfy the criteria for selection, set out in the MANUAL FOR COMPLEX LITIGATION (4th ed. 2004) and *MDL Standards and Best Practices*, DUKE LAW SCHOOL CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014)[.]" *Id.*

On January 30, 2018, Plaintiffs in *American Home Assurance Co., et al. v. United States*, No. 18-144 ("Plaintiff Insurers") filed a Complaint in the United States Court of Federal Claims alleging a violation of the Takings Clause of the Fifth Amendment of the United States Constitution. *See American Home Assurance Co.*, No. 18-144L, Dkt. No. 1 at 24–27. The January 30, 2018 Complaint requested that the court "[a]ppoint[] Todd Denenberg of Denenberg Tuffley as lead counsel with respect to any subrogation actions brought by Plaintiff Insurers, or those similarly situated[ and o]rder that one of the . . . cases [named in the January 30, 2018 Complaint] should be a 'bellwether' case for this litigation to protect the interests of Plaintiff Insurers, and all those similarly situated." *American Home Assurance Co.*, No. 18-144L, Dkt. No. 1 at 28.

On that same day, the court issued Case Management Order No. 5 that, *inter alia*, stayed *American Home Assurance Co.*, No. 18-144. *Id.*, Dkt. No. 5 at 2 ("All complaints other than the Master Complaint, whether pre-existing or hereafter filed, are administratively stayed except for service of the Initial Fact Sheet[.]").

On February 2, 2018, Plaintiff Insurers filed an Amended Complaint. *Id.*, Dkt. No. 7. On February 5, 2018, Plaintiff Insurers filed a Motion To Lift Administrative Stay And For Leave To File Motion For Todd B. Denenberg To Be Downstream Lead Counsel For Subrogated Insurers. *Id.*, Dkt. No. 8 (Re-docketed in *In re Downstream Addicks and Barker (Texas) Flood-Control Reservoirs v. United States*, Sub-Master Docket No. 17-9002L, ECF No. 36, pursuant to Case Management Order No. 1).

The February 5, 2018 Motion states that "[o]ne of the factors for a [c]ourt to consider in appointing counsel is 'whether designated counsel fairly represent the various interests in the litigation[.]'" ECF No. 36 at 4 (quoting MANUAL FOR COMPLEX LITIGATION § 10.224 (4th ed. 2004)). In addition, the February 5, 2018 Motion provides the following information for the court's consideration:

  a. Plaintiff Insurers' counsel, Todd Denenberg of Denenberg Tuffley, PLLC, has significant experience with large, complex, residential and commercial property subrogation matters[,] including claims against governments and their agencies for inverse condemnation;

  b. Plaintiff Insurers do not want to be represented by the current downstream Co-Lead Counsel.

  c. Based upon reviews of their websites and initial Lexis searches, certain Co-Lead Counsel may have a conflict with Plaintiff Insurers[,] as they may have been or currently are adverse to Plaintiff Insurers in other cases.

2

      d. As recognized during the hearing of October 6, 2017 . . . , due to [the] nature of these losses and potential for insurance coverage disputes, there may be positional, business, or direct conflicts relative to this case between counsel for individual property owners and their insurers, suggesting counsel for property owners cannot or should not represent subrogated insurers.

      e. This litigation may require Plaintiff Insurers to produce claims and underwriting files and other internal materials to be handled by their counsel in anticipation of discovery requests; Plaintiff Insurers do not wish to share non-discoverable information with the current downstream Co-Lead Counsel.

ECF No. 36 at 4–5.

At this juncture in the litigation, the court has determined that Downstream Co-Lead Counsel adequately represent the interests of all plaintiffs with downstream claims, including the Plaintiff Insurers named in the February 2, 2018 Amended Complaint in *American Home Assurance Co.*, No. 18-144. The primary task before the parties is to exchange initial disclosures, select test properties for jurisdictional purposes, and conduct jurisdictional discovery in anticipation of a motion the Government may wish to file on or before February 15, 2018, pursuant to RCFC 12(b)(1)–(6). The issues raised in Plaintiff Insurers' February 5, 2018 Motion concerning "potential" conflicts of interest and concerns about the disclosure of "non-discoverable information" have no bearing on these pre-trial and jurisdictional issues. It may be appropriate to consider a similar motion by Plaintiff Insurers in the future, but at this time, the interests of justice do not require the court to appoint Mr. Denenberg as Lead Counsel or to require the parties to name one of the properties listed in Plaintiff Insurers' February 2, 2018 Amended Complaint as a test property.

For these reasons, Plaintiff Insurers' February 5, 2018 Motion To Lift Administrative Stay And For Leave To File Motion For Todd B. Denenberg To Be Appointed Downstream Lead Counsel For Subrogated Insurers is denied.

**IT IS SO ORDERED.**

                                                                                  s/ Susan G. Braden
                                                                                  **Susan G. Braden**
                                                                                   **Chief Judge**